UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TERRY S. HAHN, on behalf of, herself and all other similarly situated in the State of Tennessee, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:04-CV-380 (VARLAN/GUYTON) |
| AUTO-OWNERS INSURANCE GROUP, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on plaintiff's Motion to Remand [Doc. 25], in which plaintiff seeks an order remanding this case to Knox County Chancery Court. In support of her motion, plaintiff argues that the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) has not been met in this case. [Doc. 26.] Defendant has filed a response opposing the motion [Doc. 36] and plaintiff has filed a reply brief [Doc. 37.] Additionally, plaintiff and defendant have each filed sur-replies [Docs. 40, 41].

The Court has carefully considered the parties' briefs [Docs. 26, 36, 37, 40, 41] and the related pleadings in light of the relevant law. For the reasons set forth herein, plaintiff's motion [Doc. 25] will be **DENIED.**

**I.     Relevant Facts**

Plaintiff, Terry Hahn, filed this class action lawsuit on July 14, 2004, in Knox County Chancery Court against defendant, Auto-Owners Insurance Group, bringing a variety of claims arising from defendant's alleged failure to compensate plaintiff and members of the class for water damage to their homes resulting from improperly installed and/or defective synthetic stucco exteriors ("EIFS"). [Doc. 26 at 1-2]. Plaintiff has asserted claims against defendant for breach of express contract, breach of the covenant of good faith and fair dealing, violation of the Tennessee Consumer Protection Act, breach of the fiduciary relationship between defendant and plaintiff and other class members, and declaratory and injunctive relief. [Doc. 1, Ex. 1 at 2-3.] In her complaint, plaintiff seeks the following damages:

- Compensatory damages for breach of "expressed [sic] agreements" between defendant and plaintiff and other class members adequately accounting for "all past and future claims for covered losses applicable to this Class of Plaintiffs;"

- "[A]ctual damages in an amount to be proven at trial as a result of the wrongful conducted [sic] alleged" resulting from defendant's violation of the Tennessee Consumer Protection Act;

- "[T]reble damages, where appropriate, for all losses and injuries suffered as a result of Defendant's illegal actions, with the amount of damages...to be determined at trial;"

- Compensatory and/or punitive damages for defendant's breach of "fiduciary duties to the Plaintiff and Class members;" and

- Costs and reasonable attorney's fees awarded to plaintiff.

[Doc. 1, Ex. 1 at 16-17.]

On August 20, 2004, defendant timely filed a notice of removal with this Court, relying on 28 U.S.C. §§ 1332, 1441, and 1446 and citing diversity of citizenship. [Doc. 1.] On November 9, 2005, plaintiff filed a motion to remand the case to state court. [Doc. 25.] Plaintiff argues that the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332, thereby depriving this Court of original subject matter jurisdiction. [Doc. 26.]

**II.     Analysis**

A federal district court has original diversity jurisdiction if an action involves citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a)(1). In calculating the amount in controversy, compensatory and punitive damages claimed by a plaintiff are included, *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973), as are any statutory penalties and statutory attorney's fees sought by the plaintiff. *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). The Sixth Circuit places "the burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Resources, Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Where, as here, a plaintiff does not assert an exact amount of damages, but instead seeks to recover "'some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000."

*Everett v. Verizon Wireless, Inc.*, — F.3d —, 2006 WL 2465629 at *2 (6th Cir. 2006) (quoting *Gafford*, 997 F.2d at 158).

In determining the amount in controversy, the claims are considered "from the vantage point of the time of removal." *Id*. The Sixth Circuit has interpreted this to mean that "[c]laims present when a suit is removed but subsequently dismissed from the case thus enter into the amount-in-controversy calculation." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)). In making this calculation, a federal court "should consider the plaintiff's motives; should look at prior lawsuits between the parties, if any; should look at awards in similar lawsuits between other parties; should consider any other evidence the defendant may have; and should exercise its common sense." *Graham v. Champion Intern. Corp.*, 1997 WL 33487768 at *3 (E.D.Tenn. 1997); *accord*, *Taylor v. Alterra Healthcare Corp.*, 2006 WL 2360781 at *2 (E.D.Mich. 2006).

While plaintiff admits that she has "sued for additional damages based on the Tennessee Consumer Protection Act and other remedies," she submits in her motion to remand that the cost to repair her house is only $7,950 and implies that this amount will somehow act as a cap to her recovery of damages. [Doc. 26 at 2.] In its reply brief, defendant notes that plaintiff has "expressly declined to limit her compensatory damages to $7,950 because she may repair other areas of her home as indicated in her inspection report" and argues that plaintiff has made it clear that this estimate is only a minimum amount that "does not necessarily come close to fixing her fundamental problem of elevated moisture readings, underlying wood rot and improper application of the EIFS." [Doc. 36 at 7.] Defendant has

also cited eight cases in which plaintiffs suing to recover for EIFS-related damage to their homes recovered at least $75,000 in compensatory damages. [Doc. 36 at 8-10.] Defendant has called the Court's attention to these cases and the similarity of the circumstances and supporting facts. Additionally, defendant argues that plaintiff's request for attorneys' fees in connection with her Tennessee Consumer Protection Act claim and for punitive damages place the amount in controversy well over $75,000. [Doc. 36 at 10, 15-16].

Plaintiff's motion to remand also relies heavily upon an attached affidavit, in which plaintiff offers to stipulate that she will not seek more than $75,000 in damages. [Doc. 26, Ex. 5.] However, because the amount in controversy is determined at the time of removal, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

Perhaps if plaintiff were just seeking recovery for the estimated cost of repairs to her house, the Court would not have jurisdiction. However, plaintiff seeks much more than repair costs. Plaintiff has asserted claims for breach of express contract, breach of the covenant of good faith and fair dealing, violation of the Tennessee Consumer Protection Act, breach of the fiduciary relationship between defendant and plaintiff and other class members, and declaratory and injunctive relief. [Doc. 1, Ex. 1 at 2-3.] Defendant is correct in noting that nowhere in plaintiff's complaint does she limit her damages to any amount. Instead, she requests damages "in an amount to be proven at trial." [Doc. 1, Ex. 5 at 16.] Recovery for all the damages plaintiff has alleged in her complaint could easily meet the jurisdictional

5

requirement of 28 U.S.C. § 1332.  Defendant has made an adequate showing that plaintiff's allegations "more likely than not" will meet the jurisdictional requirement.  Plaintiff's motion will therefore be denied.

### III.    Conclusion

For the reasons stated herein, plaintiff's Motion to Remand [Doc. 25] will be **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE